Argued and submitted October 12, 1988, affirmed May 10, 1989

CHARLES,
*Respondent,*

*v.*

ALL NATION INSURANCE COMPANY,
*Appellant.*

(86-3814-J-2; CA A47526)

773 P2d 13

Hugh B. Collins, Medford, argued the cause and filed the briefs for appellant.

Ronald Terzenbach, Eugene, argued the cause for respondent. On the brief were Risa L. Hall and Myrick, Coulter, Seagraves, Myrick, Adams & Davis, Grants Pass.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Defendant insurer appeals a judgment in plaintiff's action for a declaration that he had an insurance policy with defendant that covered damage to his truck. Defendant counterclaimed for a declaration that plaintiff was not insured by defendant after January 12, 1986, and that his truck was not insured by defendant at the time of the accident. The jury gave a general verdict in favor of plaintiff. Defendant assigns as errors that the court denied its motions for a directed verdict against plaintiff on his claim and for defendant on its counterclaim and refused to give a jury instruction that it requested. We affirm.

We review the denial of defendant's motion for a directed verdict on plaintiff's claim to determine if there was sufficient evidence from which the jury could reach a verdict for plaintiff. *Menke v. Bruce,* 88 Or App 107, 109, 744 P2d 291 (1987). There was evidence from which the jury could find these facts. Defendant issued a motor vehicle insurance policy to plaintiff after he had made application with The Insurance Store, the agent that had solicited the policy. The agent had processed plaintiff's original application for insurance with defendant, and it had authority to bind defendant to an insurance contract.

Plaintiff renewed the policy each month by mailing a check for the premium to defendant. Plaintiff mailed a check to defendant for a $53 premium to cover the policy period from January 12 to February 12, 1986. Defendant twice presented the check to plaintiff's bank, but each time the bank returned it for lack of sufficient funds. On February 12, 1986, defendant notified plaintiff by certified mail that his check had been returned and that he had no insurance coverage. The letter also stated, "if you wish to reapply for insurance, you may do so by contacting your agent and completing a new application and payment of two months' premium (cashier's check or money order)." Defendant sent copies of the letter to the agent and to the vehicle lienholder. Plaintiff received the letter on February 26, 1986.

On February 27, plaintiff spoke to a representative of the agent, who told him that his insurance would be reinstated if he sent in a payment. On that day, plaintiff mailed the agent

a check for $49.[1] On March 6, 1986, just after the accident, he spoke again to the agent's representative, and she assured him that his check had been received and that his truck was insured. On March 12, defendant returned plaintiff's $49 check with a notice that his policy had lapsed before the accident.

■    At the close of all the evidence, defendant moved for a directed verdict in its favor on plaintiff's action. ORCP 60. Defendant's counsel stated:

> "The defendant moves for directed verdict on the grounds that the evidence does not permit a finding that on February 27, 1986, * * * the defendant issued any policy of insurance to the plaintiff. * * *
>
> "[P]laintiff * * * says he was told that his check had been received by the agent and his policy had been reinstated.
>
> "Now, the evidence establishes without question, and plaintiff himself so stated * * * that his policy had been cancelled, terminated, finished, effective January 17th."

Defendant argues that, as a matter of law, plaintiff failed to prove that the agent's representative had actual or apparent authority to reinstate his policy. The jury could find from the evidence, however, that defendant had authorized the agent to act on its behalf and that the agent had authority to bind defendant. In its letter, defendant directed plaintiff to contact the agent if he wished to reapply for insurance. From that statement, the agent's statutory authority to bind defendant and the prior dealings that plaintiff had had with the agent, the jury could find that plaintiff could have reasonably believed that defendant had given its agent the power to act on its behalf to reinstate his policy. *See Rosebraugh v. Tigard et al.,* 120 Or 411, 422, 252 P 75 (1927); *Hardwick v. State Insurance Co.,* 20 Or 547, 559, 26 P 840 (1891); *see also* 3 *Couch on Insurance 2d,* § 26.62.

Defendant argues that, because its letter of February 12 also directed plaintiff to complete a new application and

---

[1] Defendant argues that it had not offered to renew plaintiff's policy for $49. Plaintiff testified that he sent a $49 check because that was the amount of the most recent premium statement that defendant had sent him, and because the agent's representative told him to send a payment, but did not specify the amount. There was evidence from which the jury could find that the $49 bill was the monthly premium amount for plaintiff's policy.

pay two months' premium by cashier's check or money order, it had placed limitations on its agent's authority. The letter, however, does not expressly state that its instructions limited the agent's authority, and plaintiff testified that the agent's representative told him that all he had to do to reinstate his policy was to make a payment. The jury could find, therefore, that plaintiff could reasonably have believed that defendant had authorized its agent to reinstate plaintiff's insurance policy on terms other than those stated in the letter. *See Hardwick v. State Insurance Co., supra,* 20 Or at 559.

■ At the close of the evidence, defendant also moved for a directed verdict on its counterclaim. Defendant argues that the evidence is undisputed and established, as a matter of law, that the policy terminated on January 17, 1986. Whether the policy terminated on that date is irrelevant, if it was reinstated before plaintiff's loss occurred. Defendant argues that it must prevail on its counterclaim, because plaintiff did not plead reinstatement of the policy as an affirmative defense to the counterclaim. Even assuming that ORCP 19B required that plaintiff affirmatively plead reinstatement, that issue was tried by the implied consent of the parties, and we treat it as if it had been raised in the pleadings. ORCP 23B.

■ Defendant requested this jury instruction:

"You are instructed as a matter of law that plaintiff did not pay the premiums to renew his policy for any period subsequent to its expiration on January 12, 1986; and you must so find."

It argues that the court erred in not giving the instruction, because "plaintiff's failure to make timely payment was established by uncontroverted evidence." Defendant's requested instruction, in effect, was a request for a directed verdict in its favor, to which, on the evidence in the record, defendant was not entitled. The jury could find from the evidence that plaintiff made a payment that reinstated his policy before the accident on March 6, 1986. Accordingly, the court did not err when it refused to give the instruction.

Affirmed.